Pfeifer, J.,
dissenting.
{¶ 40} I dissent. I would adopt the opinion of the court of appeals, which held that R.C. 2735.01(E) provides authority for the trial court to appoint a receiver for the dissolved Illinois corporation in this case. The appointment of a receiver would allow the insurance policies that Sager Corporation paid for to do what Sager intended that they do: cover insured risks that arose in Ohio within the applicable coverage period. The appointment of a receiver for that purpose would do no harm to the dissolved corporation or its shareholders, thus leaving the philosophical underpinnings of the Illinois survival statute unscathed.
{¶ 41} In In re Texas E. Overseas, Inc., Del. Chancery, C.A. No. 4326-VCN, 2009 WL 4270799 (Nov. 30, 2009), aff'd, 998 A.2d 852 (Del.2010), a party petitioned the court to appoint a receiver for Texas Eastern Overseas (“TEO”), a corporation that had been dissolved for 15 years and was beyond Delaware’s three-year survival period for claims against it, to obtain contribution from its insurers in the event that TEO was found liable for environmental pollution in a pending federal action. The Delaware court addressed whether allowing the *16 appointment of a receiver would undermine the purpose of its three-year limit on claims against dissolved corporations. The court noted that the survival statute “was intended to balance the public policy interest of providing adequate time for potential claimants to bring suit against a dissolved corporation with the countervailing consideration of ‘allowing directors, officers, and stockholders to be free from claims relating to the dissolved corporation after sufficient time has passed.’ ” Id. at *5, quoting In re Dow Chem. Internatl. Inc., Del. Chancery, C.A. No. 3972-CC, 2008 WL 4603580, *2 (Oct. 14, 2008). The court held that allowing the appointment of a receiver would not jeopardize those policy concerns, because any recovery would be limited to corporate assets, i.e., insurance proceeds, and that the receiver would have no claim to corporate assets distributed in the dissolution process or any separate claim against former shareholders, directors, or officers.
Ulmer & Berne, L.L.P., Bruce P. Mandel, and Max Thomas; and Troutman Sanders, L.L.P., and Patrick F. Hofer, for appellant.
Bevan & Associates, L.P.A., Inc., Thomas W. Bevan, Patrick M. Walsh, and Joshua P. Grunda, for appellees.
Shook, Hardy & Bacon, L.L.P., Victor E. Schwartz, Mark A. Behrens, and Cary Silverman, urging reversal for amici curiae the Ohio Insurance Institute, Coalition for Litigation Justice, Inc., Property Casualty Insurers Association of America, National Association of Mutual Insurance Companies, and American Insurance Association.
Weston Hurd, L.L.P., Daniel A. Richards, Shawn W. Maestle, and Melanie R. Shaerban, urging reversal for the Ohio Association of Civil Trial Attorneys.
{¶ 42} Likewise, here, there is no threat to directors, officers, or stockholders of the Illinois corporation. This court should thus conclude that the policy concerns of the Illinois survival statute would not be implicated by the appointment of a receiver to process insurance coverage for injured Ohioans.